IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN HILL and MELISSA HILL and, | ) | |
| ANTHONY DUGO and TAMMY DUGO, | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 12 C 7240 |
| | ) | |
| v. | ) | Judge Feinerman |
| | ) | Magistrate Judge Valdez |
| WELLS FARGO BANK, N.A., d/b/a | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| and LPS FIELD SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO
FILE BRIEF AND EXHIBIT UNDER SEAL**

Plaintiffs move for leave to file their response to Wells Fargo's Motion to Strike and Dismiss [Dkt. 105] under seal. The motion is unopposed. In support of this motion, Plaintiffs state:

1. Pending before the Court is Wells Fargo's motion to strike certain allegations and dismiss certain claims from the Second Amended Complaint. Dkt. 105. On October 14, 2013, Plaintiffs filed their response to Wells Fargo's motion. Dkt. 123.

2. To address the arguments in the brief that Wells Fargo filed in support of its motion, Plaintiffs' response attaches and discusses the substance of a document ("the Document") whose contents are subject to a confidentiality agreement.

3. Because the Document is subject to a confidentiality agreement, Plaintiffs redacted the portions of their response brief that discuss the Document, and only filed a placeholder for the Document as Exhibit 1 to the response. However, to make the record in this

1

matter complete, Plaintiffs must also file an unredacted copy of their response, along with a complete copy of the Document as Exhibit 1 to the same.

4. To reconcile the need for a complete record with the confidentiality concerns surrounding the Document, and avoid contested motion practice on the issue, Plaintiffs asked Wells Fargo to consent to allowing Plaintiffs to use the Document in their response, and Wells Fargo agreed on the following conditions:

(a) the Document is marked "Confidential" under the general Confidentiality Order entered in this matter [Dkt.82];

(b) the Document is only filed with the Court under seal; and

(c) the Document is only shared with Defendant LPS Field Services' counsel, and solely for the purpose of addressing Plaintiffs' response brief (LPSFS's counsel has confirmed LPSFS's agreement to this condition).

5. In addition, because the Document's contents are discussed in Plaintiffs' response brief, the implications of Wells Fargo's agreement are that the unreacted version of Plaintiffs' response itself must also be filed under seal.

6. Local Rule 26.2 allows matter to be filed under seal if there is "good cause" for doing so. *See* N.D. Ill. L.R. 26.2. There is good cause for filing Plaintiffs' response to Wells Fargo's motion, and Exhibit 1 to the same, under seal because:

(a) Plaintiffs cannot adequately respond to Wells Fargo's motion to strike and dismiss without discussing and revealing the contents of the Document;

(b) Plaintiffs are required to keep the Document confidential unless Wells Fargo allows Plaintiffs to reveal it; and

2

(c) Wells Fargo only agreed to allow Plaintiffs to reveal the Document to the Court if the Document's contents are filed with the Court under seal.

7. Accordingly, Plaintiffs should be given leave to file an unredacted version of the response to Wells Fargo's motion to strike and dismiss under seal, and a copy of the Document exhibit under seal. In accordance with Local Rule 26.2, Plaintiffs filed provisional electronic versions of these documents, Dkt. 126 and Dkt. 126-1.

8. An unredacted courtesy copy of the response and Document is being served on the Court with this motion. The portions that were redacted in the originally-filed version [Dkt. 123] are subsection C on pages 5-7, and one line in subsection D on page 8. The Document is Exhibit 1 to the response.

WHEREFORE, Plaintiffs respectfully request that they be granted leave to file an unredacted response to Wells Fargo's motion to strike and dismiss and Exhibit 1 to the same [Dkt. 126 and Dkt. 126-1], under seal.

In according with Local Rule 26.2(b), the order also should state that only counsel of record in this matter shall have access to the sealed versions of Dkt. 126 and Dkt.126-1 without further order of Court, and that at the conclusion the case these documents will be disposed of in accordance with Local Rule 26.2(h).

        Respectfully submitted,

        By: s/Lance A. Raphael
        One of Plaintiffs' Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
Michael S. Hilicki
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700

Chicago, IL 60602
(312) 782-5808

4